IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-136- |
| | § | SDJ-KPJ; 4:22-MJ-00329-CAN |
| JESSE ROBERT SOLIS (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Jesse Robert Solis's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on June 10, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Colleen Bloss.

Defendant was sentenced on August 6, 2007, before The Honorable David C. Godbey of the Northern District of Texas after pleading guilty to the offense of Count 1: Conspiracy to Distribute Methamphetamine and Count 2: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. Defendant was subsequently sentenced to 108 months imprisonment as to Count 1 and 60 months imprisonment as to Count 2, to run consecutive to Count 1, for a total of 168 months imprisonment. A 5-year term of supervised release was ordered on each count, to run concurrently, which were subject to the standard conditions of release, plus special conditions to include: drug treatment, financial disclosure, and $100 special assessment. On November 2, 2015, the Court reduced the term of imprisonment on Count 1 to 87

months which ran consecutive to Count 2, for a total imprisonment term of 147 months. On August 4, 2017, Defendant completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On June 1, 2022, jurisdiction of the case was transferred to The Honorable Sean D. Jordan of the Eastern District of Texas as Defendant had a new case pending before Judge Jordan, 4:20-CR-00180-002.

On July 9, 2020, the United States Probation Officer executed a Petition for Person Under Supervision [Dkt. 1 at 2-5, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drugs tests, thereafter, as determined by the court; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not associate with any person engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; and (5) The defendant shall not leave the judicial district without the permission of the court or probation officer [Dkt. 1 at 2-3, Sealed].

The Petition alleges the nature of compliance as to each condition of supervision, as follows: On June 11, 2020, Defendant violated these conditions of supervised release when he distributed large quantities of cocaine and methamphetamine in the Dallas area, as evidenced by a Criminal Complaint filed against Defendant on June 12, 2020, in the Eastern District of Texas in Case Number 4:20-MJ-00394 for [ ] Conspiring to Possess With the Intent to Distribute a Mixture

or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 846, a Class A felony, and Conspiracy to Possess With the Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 84l(a)(l) & (b)(l)(A), a Class A Felony. Defendant is currently being held at the Fannin County Detention Center. In June 2020, the Drug Enforcement Administration (DEA), Dallas Field Division began conducting an investigation concerning Jimmy Deluna and Robert Mclemore for their involvement in the distribution of cocaine and methamphetamine in Dallas, Texas. During the course of the investigation, Jimmy Deluna agreed to purchase five kilograms of cocaine, with Robert Mclemore agreeing to assist with the transaction. Once the cocaine was ready for purchase, Mr. Delana indicated he, would bring Defendant with him during the transaction. Before leaving Mr. Delana's residence, 2950 Grayson Drive, Dallas, Texas, DEA agents observed Jimmy Deluna walk out of his residence carrying a blue bag, which he placed inside his vehicle. After leaving his residence, he met with Defendant at 741 Botany Bay Drive in Dallas, Texas. While there, Mr. Deluna removed the blue bag from the vehicle, along with a black bag and entered the residence. Moments later, both Defendant and Mr. Deluna exited the residence carrying one bag each. They were later stopped for a traffic violation in Plano, Texas, by the Colin County Sheriff's Office as a part of the investigation. During the traffic stop, a K-9 was deployed and alerted on the vehicle, indicating the presence of narcotics. A search of the vehicle as conducted, and Officers located approximately 1,669 grams of packaged methamphetamine, in addition to a large sum of United States Currency (USC). The contraband as found in the blue and black bags which surveillance units observed previously. Defendant and Jimmy Deluna were then taken into custody. After their arrest, investigators obtained search warrants for 2950 Grayson Dr. and 741 Botany Bay Dr., which yielded six (6) firearms, packaged marijuana, a user amount of cocaine, and approximately 10.6 kilograms of packaged suspected methamphetamine. On

June 18, 2020, Defendant appeared before the undersigned for his initial appearance. At the conclusion of that hearing, Defendant requested a detention hearing, which was set for July 9, 2020. Defendant violated these conditions of supervised release by traveling outside of the Northern District of Texas without permission of the court or probation officer. This violation is evidenced by his arrest on June 11, 2020, in Plano, Collin County, Texas, which lies in the Eastern District of Texas [Dkt. 1 at 3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegations 2 through 5 of the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 8, 9].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of thirty (30) months, to run consecutively to the sentence imposed in Eastern District of Texas Cause Number 4:20CR180-002, with no term of supervised release to follow in this cause.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 19th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE